Robinson *v.* Gulley.

4-9995                                    255 S. W. 2d 438

Opinion delivered March 2, 1953.

*Barrett, Wheatley, Smith & Bacon,* for appellant.

*Douglas Bradley,* for appellee.

Griffin Smith, Chief Justice. Mandred Robinson, common ancestor of those claiming under the decree, owned forty acres and other lands in Craighead county. Most of the forty was planted to rice, but there was some timber. Mandred agreed to sell to his son Hervey the specific tract in question. A deed was executed, but no consideration was paid by Hervey and it was undelivered when Mandred died in 1929 survived by three other children—Henry, Charles, and Belle.

Hervey remained in possession until he died in 1937. His widow, Dovea, was appointed administratrix; thereupon a petition was filed in probate court reciting that Hervey had agreed to convey to Henry the interest he (Hervey) had in other ancestral lands—lands owned by Mandred at the time of this death. An order directed execution of a deed consonant with the oral agreement, and this was done. A later order resulted in the execution of a deed to replace one found to have been made

by Hervey to Charles in fulfillment of an agreed division of Mandred's lands. The division referred to is said to have been evidenced by a deed executed in 1936. It was lost.

A deed prepared at a time not disclosed described the forty acres and named Charles and Belle as grantors to Hervey. They were joined by their consorts. This transaction occurred shortly after Hervey's death and the deed was not signed by Henry.

After Hervey's death, which occurred February 19, 1937, a fourth child was born. On February 19, therefore, his family consisted of the widow and three minor children. April 3, 1937, the widow, Dovea, having been appointed administratrix, executed a deed to Henry conveying the forty acres. Henry remained on the land until this possessory action was filed by Ludean Gulley, Hervey's oldest daughter. She sued in her own right and as next friend of the three minor children. An accounting of rents and proceeds from the sale of timber was asked; also that title be quieted. Charles and Belle had formerly disclaimed any interests.

The Chancellor found that Mandred's heirs had joined in a family settlement in 1936, prior to Hervey's death. By this settlement Hervey acquired the interest of his brothers and sister in the disputed acreage in exchange for conveyances of Hervey's interest in other property. Rents and profits were computed and charged against Henry, with allowances for taxes and improvements. Neither party challenges correctness of the amount of this determination.

Henry concedes that the deed by Hervey's widow could not convey interests of the minor children, but insists that it effectively transferred dower rights. He also disputes the family settlement. Henry denies liability for rents, insisting that his status is that of a co-tenant upon whom no demand for participation was made. Further, he seeks to impose the bar of statutory limitation upon Ludean, who became eighteen more than three years before suit was filed.

Appellees counter with the contention that no dower interest was assigned Dovea, hence there was no transfer to her, and Henry acquired nothing. They discuss Henry's status as a co-tenant, insisting that as to the disputed interest it is dependent upon acquisition of the dower rights or failure of the family settlement. If dower were not conveyed, or if the family settlement took place, Henry has no interest upon which his prayer for partition can rest, nor can he escape accounting for rents and the sale of timber.

The plea of limitation is met by argument that until shortly before Ludean's suit was filed there was no notice that Henry claimed adversely; on the contrary the presumption would be that he held as guardian of Hervey's minor children. Henry is charged with fraudulent conduct in accepting Dovea's deed forty-three days after Hervey's death—a deed purporting to convey the widow's rights and those of her children; and it is urged that his conduct justifies avoidance of the transaction. The deed is not abstracted and related facts are not before us.

It is not necessary to examine the evidence to determine whether fraud on Henry's part is shown. Circumstantial considerations supported by documentation are sufficient to sustain the Chancellor's conclusions that agreements were reached in 1936 under which the children of Mandred Robinson disposed of their allocable rights to the estate, including forty acres intended for Hervey.

Mandred and Hervey jointly operated the rice farm during the father's lifetime. At his death Hervey continued to use it, then parted with title to other property as to which (but for the family settlement) he would have inherited from Mandred. The background of events strongly indicates inter-party discussions and mutuality involving persons and subject-matter. Henry's claim that, irrespective of other factors compounding the deed received from Dovea, he is nonetheless entitled to partial ownership through inheritance, cannot be sustained in opposition to the family settlement.

Appellees are correct in contending that limitation does not apply until there is notice of an adverse claim. There is nothing conclusive of the proposition that Henry's possession was of a character to charge his minor niece with knowledge that his use of the farm and timbered area was hostile to her, thus imposing the duty of acting within three years after reaching legal age. Further, if Henry did not acquire title under Dovea's deed, and if he had parted with a prior interest by reason of the settlement in 1936, he was not a co-tenant. Whether there was demand by others who might claim as co-tenants touching rents and timber rights becomes unimportant.

The court found that the defendant's receipts from timber sales amounted to $200 and that he had collected rents aggregating $450 prior to 1949. Rents for 1949, '50, and '51, were in the court's registry. Judgment was rendered for $650, less tax payments and improvements of $476.80. Net amount found to be due (exclusive of impounded funds) was $173.20.

While the account as thus cast is not questioned as to the amount, it is inferentially argued that Henry's accountability should be reduced by a sum equal to earnings of Dovea's dower interest supposedly conveyed by her deed to Henry.

There is no proof that dower was assigned and no evidence supporting a supposition that dower attached to the particular property conveyed. The mere fact that Dovea was Hervey's widow is not sufficient to create a presumption that a one-third life interest had been set apart for her in lands owned by Hervey, or that this particular tract had been so designated. In this litigation Henry was charged with the burden of establishing identity of Dovea's dower, and this he failed to do; nor was any computation touching the value of such suggested interest attempted. It would be impossible (assuming that such interest existed) to determine the ratio it bore to the totals involved in charges and credits dealt with by the Chancellor.

Since the case was not presented on the theory that dower, if transferred, should be evaluated in mitigation of Henry's liability for rents and profits, the variation should not be imposed on appeal.

Affirmed.

*Justice George Rose Smith* dissents.